SORRELS *v.* MARBLE.

Opinion delivered February 23, 1920.

1. SPECIFIC PERFORMANCE—DEFAULT OF PURCHASER—FORFEITURE.—
   Where a contract of sale of land payable in installments provided that upon the purchaser's failure to pay promptly either of the payments all previous payments should be forfeited and the relation of landlord and tenant should arise between the parties, the purchaser's failure to pay the installments promptly was waived where the vendor was permitted to remain in possession, and pay installments and taxes.

2. VENDOR AND PURCHASER—FORFEITURE.—Where a vendor waived a forfeiture for nonpayment of the purchase-money, his heirs were in no situation to enforce a forfeiture by suit when they offered the purchaser no opportunity to perform the contract.

Appeal from Columbia Chancery Court; *J. M. Barker,* Chancellor; affirmed.

*Stevens & Stevens,* for appellants.

The decree granting the relief prayed in the cross-bill is erroneous. The fact that Emerson waived the

forfeiture as late as 1907 would not give Marble and his estate an indefinite time in which to pay and demand a deed. 77 Am. Rep. 848; 68 Am. Dec. 87. While time is not ordinarily esssential in specific performance, it is material, and the delay must be explained and accounted for. 4 Pomeroy, Eq. Jur., § 1468; 146 S. W. 495. After unreasonable delay relief should not be granted. 2 Story, Eq. Jur., § 742. Evidently Emerson had waited as long as he should, and had notified the negro and canceled his contract and filed it away. The law presumes that every man in his private and official capacity does his duty. 25 Ark. 311; 7 *Id.* 495.

The delay of Marble before death is sufficient to defeat his right to specific performance and the delay of his heirs defeats their rights. 6 Pom. Eq. Rem., § 814.

*McKay & Smith,* for appellees.

A preponderance of the testimony sustains the findings of the chancellor. Defendants were not barred by limitation or laches. *Hanson* v. *Brown,* 139 Ark. 60; 87 Ark. 394.

There was no necessity for defendants to bring an action for specific performance until the necessity arose. 113 Ark. 433; 9 Johns. (N. Y.), 448; 9 S. E. 91; 10 L. R. A. 125; 31 Pac. 424; 6 Metc. (Mass.), 346.

McCulloch, C. J. The decree appealed from compels the specific performance of a written contract for the sale of a forty-acre tract of land in Columbia County. The contract was entered into in the year 1902 between R. L. Emerson, the ancestor of appellants, who was the owner of the land, and J. M. Marble, the husband and father of appellees. The price specified in the contract was the sum of $50, payable in three installments, evidenced by promissory notes bearing interest at the rate of ten per centum per annum from date until paid. The contract provided in substance that upon failure of Marble to make either of the payments when due all previous payments should be forfeited to Emerson, and that "the

relation of landlord and tenant shall arise between the parties hereto for one year from January 1 immediately preceding the date of default.''

J. M. Marble took possession of the land under the contract, and built a four-room log house thereon, and occupied the land as a home until his death, which occurred in the year 1913. Marble left a widow and three children, two of whom are adults and one is an infant. They are the appellees in this case. Mr. Emerson died March 23, 1910, leaving his two daughters, one of whom is the appellant, Mrs. Sorrels. J. M. Marble made four different payments to Mr. Emerson on the purchase price of the land, which payments were indorsed as credits on the copy of the contract which Marble held in his possession. The payments were as follows: $7 January 8, 1903; $8 April 5, 1906; $2 April 1, 1907; and $32, date not stated. Marble also paid the taxes on the land from the date of the contract up to the time of his death, and his widow paid taxes after her husband's death up to and including the year 1917.

Appellant, Mrs. Sorrels, took charge of her father's business, which was extensive, after the latter's death, and undertook to collect the outstanding notes and accounts. She found on her father's books the account against Marble and mailed a statement for the amount of balance due the same as other accounts, but she testified that she did not know at that time that it represented the purchase price of the land. She did not know anything about the tract of land until some time during the year 1915, when application was made to her by another person to buy it. She then sent her husband out to see appellees about the land. Later she found among her father's papers the Marble notes and the contract with an indorsement on the contract in the handwriting of Mr. Emerson showing that it had been canceled. She destroyed the notes, but preserved the contract. After the discovery of the above recited facts Mrs. Sorrels proposed to the widow of J. M. Marble a new contract for the sale of the land at a price of $800, payable $100 cash and the bal-

ance in installments. This proposal seems to have been considered to some extent by the widow, but the offer was finally declined, and appellants brought this suit for possession.

Appellees filed a cross-complaint setting up the contract and possession thereunder, and prayed for specific performance. The court found that there was a balance of $40.08 due on the price of the land under the contract with Marble, including interest to date, and decreed performance of the contract on payment of this amount, which appellees offered to pay.

The contract was not strictly performed by Marble or appellees as successors to his rights, but we are of the opinion that there was a waiver of the forfeiture by Mr. Emerson in permitting Marble to remain in possession and make payments on the purchase price and pay the taxes. *Hanson* v. *Brown,* 139 Ark. 60. This waiver continued in force the rights of appellees until the discovery by Mrs. Sorrels of the right of the Emerson heirs to declare a forfeiture and demand possession. If appellants had at that time insisted on performance of the contract they could have declared a forfeiture upon further default, but, instead of standing upon the terms of the contract, they insisted upon a new contract of sale at a considerably higher price. In other words, they gave appellees no opportunity at that time to perform the contract. Appellees rejected the new offer, and this suit was then commenced.

The chancellor was, therefore, correct in holding that the prior defaults in the purchase price had been waived, and that appellees were entitled to a deed on the payment of the balance of the purchase price.

Decree affirmed.